CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 12 2012

JULIA _____ EY, CLERK
BY:
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT PHAROAH HOWARD,** | ) | **CASE NO. 7:12CV00079** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **J. STATZER, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

Pro se plaintiff, Robert Pharoah Howard, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Red Onion State Prison violated his constitutional rights by denying him emergency medical treatment, using excessive force against him, and interfering with his ability to practice his religious dietary beliefs. Defendants have waived service, but have not yet responded to the complaint. Howard is now confined at Wallens Ridge State Prison and has moved for entry of a temporary restraining order or permanent injunction, directing prison officials not to transfer him back to Red Onion. Upon review of the record, the court denies Howard's motion for interlocutory injunctive relief.

Howard fears that if he were transferred back to Red Onion, officials there would bring false disciplinary charges against Howard to retaliate against him for filing this lawsuit and a previous lawsuit. As support for this assertion of potential retaliation, Howard refers to his underlying claim in this action that Red Onion officials falsified records related to his religious diet, causing him to be removed from that diet.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3)

"the balance of equities tips in his favor," and (4) "an injunction is in the public interest." <u>See</u> <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." <u>Id.</u> Each of these four factors must be satisfied before interlocutory injunctive relief is warranted.[1] <u>Real Truth About Obama, Inc. v. FEC</u>, 575 F.3d 342, 347 (4th Cir. 2009), <u>vacated by, remanded by, cert. granted</u>, 130 S. Ct. 2371 (2010), <u>reaffirmed in part, remanded by</u>, 607 F.3d 355 (4th Cir. 2010).

Howard's motion fails on the first and second factors under <u>Winter</u>. First, Howard cannot demonstrate any likelihood of success on the merits of his transfer claim. Inmates have no protected liberty interest in being confined in any particular type of prison, even when conditions in one prison are more restrictive or harsh than conditions in other prisons. <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 247-48 (1983). Because Howard has no constitutional right not to be transferred back to Red Onion, he cannot show likelihood of success on an underlying claim regarding transfer. Second, Howard fails to demonstrate that without interlocutory relief, he is likely to suffer irreparable harm. Howard states no facts suggesting that he is likely to be transferred to Red Onion in the near future. Moreover, Howard's assertions that he would be subject to retaliation by Red Onion officials is mere speculation. Thus, Howard fails to demonstrate that he is likely to suffer irreparable harm in the absence of the requested relief. For the stated reasons, the court concludes that Howard's motion for interlocutory injunctive relief to prevent his transfer must be denied. An appropriate order will issue this day.

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. <u>See</u> Fed. R. Civ. P. 65. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Howard is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12<u>th</u> day of June, 2012.

_____
Chief United States District Judge

3