CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ROBERT PHAROAH HOWARD, | ) | CASE NO. 7:12CV00079 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| J. STATZER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Pro se plaintiff, Robert Pharoah Howard, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Red Onion State Prison violated his constitutional rights in various ways. Howard is now confined at Wallens Ridge State Prison and has moved for a preliminary injunction (ECF No. 59), directing Wallens Ridge officials to reinstate Howard to the Common Fare Diet, and for entry of a temporary restraining order against certain officers at Wallens Ridge (ECF No. 63), whose actions and verbal threats have caused Howard to fear for his life at that institution. Upon review of the record, the court denies Howard's motions for interlocutory injunctive relief.

In his first motion (ECF No. 59), Howard claims that because of actions taken by Wallens Ridge officers, he has been permanently removed from the Common Fare diet and must eat the regular inmate menu, which includes pork products. Howard also claims that the regular diet does not include sufficient calories and has caused him to suffer severe constipation. The defendants in this lawsuit are officers at Red Onion and have no responsibility for Howard's religious dietary accommodations or medical problems at Wallens Ridge. Because Howard's demand for a preliminary injunction is not related to the claims in this lawsuit, he is not entitled to the injunctive relief he seeks in this civil action, regarding reinstatement to his religious diet at

Wallens Ridge.  See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003).

Howard's current submission does not indicate that he has exhausted administrative remedies, see 42 U.S.C. § 1997e(a), as to his claims that Wallens Ridge officials caused him to be banned from the Common Fare diet and that the regular diet trays do not provide sufficient nutrition and cause him medical problems.  Therefore, while Howard may file a new civil action raising such claims about Wallens Ridge concerns after he first completes the grievance procedure, the court will not file his current submission as a new lawsuit.

Howard has filed a separate motion for entry of a temporary restraining order (ECF No. 63).  Howard states that he fears for his life, based on verbal threats certain Wallens Ridge officers made against him after he complained that they were chewing tobacco and taking the lids off the food trays, in violation of various prison regulations.  Howard also alleges that two of these officers "shoved" him and "yanked" his arm while escorting him to and from recreation on September 14, 2012, and threatened to beat him up.  Upon review of the record, the court denies Howard's motion for interlocutory injunctive relief.

Temporary restraining orders are issued, without notice, only rarely—when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond.  See Federal Rule of Civil Procedure 65(b).  In support of such a motion, the plaintiff must present "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  Rule 65(b)(1).

Howard's concerns about the actions and threats by officers at Wallens Ridge are not related to the claims in the underlying civil action against Red Onion officials. Therefore, no temporary restraining order will issue in this civil action. <u>Omega World Travel</u>, 111 F.3d at 16.

Moreover, the court will not construe Howard's submission as a new civil action seeking a temporary restraining order against the Wallens Ridge officers he names. Howard fails to provide an affidavit setting forth specific facts concerning the manner in which he will suffer "immediate and irreparable injury" without an immediate court intervention. Howard also fails to certify any reason that the defendant prison officials should not be notified of the lawsuit and granted the opportunities inherent in the normal litigation process to respond to his allegations as required by Rule 65(b)(1). An appropriate order denying Howard's motion for temporary restraining order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of September, 2012.

                                               Chief United States District Judge