CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2012

JULIA C. ....Y, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT PHAROAH HOWARD, | ) | CASE NO. 7:12CV00079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| J. STATZER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

In accordance with the accompanying memorandum opinion, it is hereby

**ADJUDGED AND ORDERED**

as follows:

1. Plaintiff's motion for default judgment against Defendant Statzer (ECF No. 74) is **DENIED**;

2. Plaintiff's motion to dismiss (ECF No. 68), which the court construes as a motion for voluntary dismissal of Claim 1, is **GRANTED**; Claim 1 is **DISMISSED WITHOUT PREJUDICE**; the clerk shall terminate Defendants Looney and Mullins as parties to the action; and plaintiff's motion for default related to Claim 1 (ECF No. 58) is **DISMISSED** as moot;

3. To the extent that plaintiff's complaint seeks injunctive relief ordering that he be transferred, the complaint is **DISMISSED** as moot, based on plaintiff's transfer to another facility after the complaint was filed;

4. Defendant V. Phipps' motion for summary judgment (ECF No. 24) is **GRANTED** on the ground of qualified immunity, and the clerk will terminate V. Phipps as a party to this action;

5. The motion for summary judgment filed by the security defendants (ECF No. 60) is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**, as follows:

    a. Defendants' motion for summary judgment (ECF No. 60) is **GRANTED** on the ground of qualified immunity as to plaintiff's Claim (2) against Defendants Statzer, McGowan, and Lambert, regarding plaintiff's emergency grievance on October 21, 2011, and the clerk will terminate Defendants Statzer, McGowan, and Lambert as parties to this action; and

b. The motion for summary judgment is **TAKEN UNDER ADVISEMENT** as to plaintiff's Claim (3), alleging use of excessive force on November 7, 2011, pending completion of discovery;

6. Plaintiff's motion for summary judgment (ECF No. 31) is **DENIED**;

7. Defendants' motions for protective order (ECF Nos. 50, 67, & 75) are **DENIED**; and

8. Plaintiff's discovery motions (ECF No. 40, 42, 52, & 72) are **GRANTED** to the extent that defendants are **DIRECTED**:

    (a) To certify to the court within twenty (20) days from entry of this order that plaintiff has been provided opportunity to view all available surveillance camera footage, camcorder footage, and still photographs related to the November 7, 2011, incident at issue in Claim 3, and that copies of all such items have been submitted to the court, in camera; and

    (b) To respond in some fashion within twenty (20) days from entry of this order to the interrogatories in ECF No. 42 only as follows:[1] Defendant Tate, Interrog. Nos. 1, 4, 5, 7, 8, 9; Defendant L. B. Phipps, Interrog. Nos. 1-5; Defendant Fields, Interrog. No. 2; Defendant Whisenhunt, none; and Defendant Head, none; and

9. Plaintiff is **DIRECTED** to submit his final response to defendants' motions for summary judgment on or before January 14, 2013.

**ENTER**: This 13th day of December, 2012.

_____
Chief United States District Judge

---

[1] The court construes plaintiff's questions for the defendants in ECF No. 42 as interrogatories as authorized under Rule 33 of the Federal Rules of Civil Procedure. The court will not require defendants to respond to interrogatories that are argumentative or otherwise not properly framed under Rule 33, that relate to claims no longer before the court, or that are not reasonably calculated to lead to relevant evidence.

2