# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT PHAROAH HOWARD,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00079 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **L.B. PHIPPS, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants | ) | United States Magistrate Judge |

The pro se plaintiff, Robert Pharoah Howard, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Red Onion State Prison, ("ROSP"). This case is before the court on the pro se plaintiff's Motion For Temporary Restraining Order Preliminary Injunction Summary Judgment In Favor of Plaintiff For Punitive And Compensatory Damages, (Docket Item No. 153), and Motion Asking the Courts To Now Intervene On The Pending TRO And Preliminary Injunction, (Docket Item No. 159) (collectively, "Motions"). The Motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

## I.

Howard brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force on him or failing to prevent the use of excessive force on him on November 7, 2011. In particular, Howard claims that ROSP correctional officers S. Fields and Whisenhunt injured his left arm that day

when they took the security box off of his tray slot door and dug screws located in the top of the box into his left forearm and wrist, causing deep puncture wounds. Howard also claims that Sgt. L. B. Phipps Messer sprayed him with pepper spray without getting medical clearance to utilize the spray and that the prison staff refused to decontaminate him afterward. Howard claims that, after this incident, Delmar Tate placed him back in his cell on modified strip cell status with no water to decontaminate himself.

By Report and Recommendation entered August 23, 2013, (Docket Item No. 160), the undersigned has recommended that summary judgment be entered in the defendants' favor on Howard's claims against Tate and Warden Mathena. The undersigned recommended that all other motions for summary judgment be denied based on genuine disputes of material fact requiring trial.

Through his Motions, the plaintiff seeks to raise claims against VDOC Lt. Paul Payne, Sergeant Johnny Hall and Sergeant James Middleton for trying to intimidate him into dropping his pending claim by threatening him with physical assault. Payne, Hall and Middleton are not parties to the case before the court. Payne, Hall, Middleton and VDOC Correctional Officer M. Mullins have filed sworn affidavits denying Howard's allegations. Howard's Motions are not sworn. In support of the Motions, Howard has submitted a number of unrelated exhibits dealing with allegations that other officers are attempting to incite racial violence at ROSP, deprivation of out-of-cell exercise and shower privileges and sexual harassment allegations.

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary

injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

Based on the information currently before the court, I find that Howard has failed to establish that the entry of a preliminary injunction is appropriate. As best the undersigned can understand the Motions, Howard seeks injunctive relief against three individuals who are not parties to this action. The court has no jurisdiction to issue injunctive relief against parties not properly before the court. The Fourth Circuit has clearly held that injunctive relief, even preliminary injunctive relief like that sought here, cannot be enforced against an individual over whom the district court has not obtained personal jurisdiction through valid service of process. In *R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943, 957 (4th Cir. 1999), the court held that injunctive relief can be granted only in an in personam action commenced by one party against another in accordance with established process. Thus, a party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity with that person. *See R.M.S. Titanic, Inc.,* 171 F.3d at 957. Similarly, in *Gilchrist v. Gen. Elec. Capital Corp.,* 262 F.3d 295, 301 (4th Cir. 2001) (quoting FED. R. CIV.

P. 65(d)), the court held that unless the district court had personal jurisdiction over creditors in the underlying debt collection action and they were served with process, the district court could be without power to enforce an injunction against them unless they could be shown to have been "in active concert or participation with" parties over whom the court had jurisdiction.

For these reasons, I find that the injunctive relief sought by Howard is not appropriate because the court has not obtained personal jurisdiction through valid service of process over any of the individuals against whom he seeks injunctive relief.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Howard has failed to establish that the entry of a preliminary injunction is appropriate; and
2. The court should deny the Motions.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motions.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, United States Chief District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 11th day of September, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE