IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT PHAROAH HOWARD,** ) | | |
| Plaintiff ) | Civil Action No.: 7:12cv00079 | |
| ) | | |
| v. ) | | |
| ) | **REPORT AND RECOMMENDATION** | |
| **L.B. PHIPPS, et al.,** ) | By: Pamela Meade Sargent | |
| Defendants ) | United States Magistrate Judge | |

The pro se plaintiff, Robert Pharoah Howard, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Red Onion State Prison, ("ROSP"). This case is before the court on the pro se plaintiff's Motion For Preliminary Injunction Immediate Temporary Restraining Order Transfer Plaintiff's Life Is In Imminent Danger, (Docket Item No. 169), ("Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I.*

Howard brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force on him or failing to prevent the use of excessive force on him on November 7, 2011. In particular, Howard claims that ROSP correctional officers S. Fields and Whisenhunt injured his left arm that day when they took the security box off of his tray slot door and dug screws located in the top of the box into his left forearm and wrist, causing deep puncture wounds.

Howard also claims that Sgt. L. B. Phipps Messer sprayed him with pepper spray without getting medical clearance to utilize the spray and that the prison staff refused to decontaminate him afterward. Howard claims that, after this incident, Delmar Tate placed him back in his cell on modified strip cell status with no water to decontaminate himself.

By Report and Recommendation entered August 23, 2013, (Docket Item No. 160), the undersigned has recommended that summary judgment be entered in the defendants' favor on Howard's claims against Tate and Warden Mathena. The undersigned recommended that all other motions for summary judgment be denied based on genuine disputes of material fact requiring trial.

Through his Motion, the plaintiff seeks to raise claims against VDOC Correctional Officer S.J. Taylor, Correctional Officer Jordan Fleming, Sgt. Johnny Hall, Correctional Officer K. Brinkley, Correctional Officer Christopher Rose and Lt. Paul Payne for retaliating against him for filing his pending lawsuit and trying to intimidate him into dropping his pending claim by threatening him with physical assault. Taylor, Fleming, Hall, Brinkley, Rose and Payne are not parties to the case before the court. Based on the legal reasoning cited in the Report and Recommendation entered in this case on September 11, 2013, (Docket Item No. 168), I recommend that the court deny the Motion.

**PROPOSED FINDINGS OF FACTS AND
CONCLUSIONS OF LAW**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Howard has failed to establish that the entry of a preliminary injunction is appropriate; and
2. The court should deny the Motion.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, United States Chief District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 18th day of September, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE