CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 20 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT PHAROAH HOWARD, | ) | CASE NO. 7:12CV00079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | (Adopting Report and Recommendation) |
| | ) | |
| | ) | |
| L. B. PHIPPS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

This prisoner civil rights action seeking monetary damages under 42 U.S.C. § 1983 is presently before the court on the report and recommendation ("report") of Magistrate Judge Pamela Meade Sargent and plaintiff's objections thereto. For the reasons that follow, this court will overrule plaintiff's objections, adopt the magistrate judge's report, grant Warden Mathena's motion for summary judgment, grant in part and deny in part the other defendants' motion for summary judgment, deny plaintiff's motions for summary judgment, and set the matter for a jury trial.

### Background

The pro se plaintiff, Robert Pharoah Howard, also known as Abdul Hamza Wali Muhammad,[1] is an inmate at Red Onion State Prison. Remaining before the court are Howard's claims that the defendant prison officials, Sgt. L. B. Phipps, (now known as Sgt. Messer), correctional officers S. Fields, Whisenhunt, Head,[2] and Tate, and ROSP Warden Randall C. Mathena, used excessive force against Howard or failed to protect him from such force on

---

[1] To be consistent with the record in this case, the court will continue to refer to the plaintiff as "Howard."

[2] Judge Sargent mentions in the report that since waiving service in this case, Defendant Head has died. He was not represented by counsel and did not join in the motions the other defendants filed. If Howard wishes to pursue his claim based on Head's alleged actions, he must move to substitute an appropriate individual as a defendant in Head's place, pursuant to Fed. R. Civ. P. 25(a).

November 7, 2011, in violation of his Eighth Amendment rights. The court referred the matter to Judge Sargent for development of the facts in support of the cross motions for summary judgment. After allowing some additional discovery and conducting an evidentiary hearing on August 8, 2013, Judge Sargent issued her report and recommendation.

## Discussion

Judge Sargent's report and recommendation summarizes Howard's allegations in support of his remaining claims as follows:

> Howard claims that ROSP correctional officers S. Fields and Whisenhunt injured his left arm that day when they took the security box off of his tray slot door and dug screws located in the top of the box into his left forearm and wrist, causing deep puncture wounds. Howard also claims that Sgt. Messer sprayed him with pepper spray without getting medical clearance to utilize the spray and that the prison staff refused to decontaminate him afterward. Howard claims that, after this incident, Tate placed him back in his cell on modified strip cell status with no water to decontaminate himself.

Report 2. Howard's submissions alleged that Warden Mathena was present at ROSP during the incident on November 7, 2011, and failed to stop his officers from harming Howard.

The magistrate judge also summarizes defendants' testimony and video evidence. Fields testified that after he placed the security box on Howard's door, Howard became belligerent and knocked the box off. Fields struggled to hold the box over the tray slot, and Whisenhunt assisted him, while Howard continued to try to knock the box off. Messer testified that she ordered Howard several times to take his arm out of the box. When he refused, she sprayed him one time with pepper spray. Tate then arrived and authorized placing Howard in the strip cell because he had threatened to harm officers. Lt. Payne testified, and video evidence indicated, that officers took Howard to the shower for decontamination, but Howard refused decontamination. Warden Mathena testified that he saw Howard only after the incident.

2

Based on the evidence adduced at the hearing, Judge Sargent's report recommends a finding that genuine issues of material fact remain in dispute regarding Howard's claims of excessive force against Messer, Fields, and Whisenhunt. Therefore, the report recommends denying defendants' and plaintiff's motions for summary judgment as to this claim. The report recommends a finding that no material facts remain in dispute on which Howard could persuade a fact finder that Warden Mathena and Defendant Tate violated Howard's constitutional rights on November 7, 2011. Thus, the report recommends granting defendants' motions for summary judgment and denying plaintiff's motions for summary judgment as to his claims against these defendants. Defendants have filed no objections to Judge Sargent's report.

Howard has submitted pleadings that the court has construed as objections to the portions of the report recommending that his motion for summary judgment be denied and that summary judgment be granted as to his claims against Defendant Tate. In light of these objections, the court has reviewed, de novo, these portions of the report and pertinent portions of the record.

Clear factual disputes remain between the parties' accounts of November 7, 2011, as recounted in the report and summarized here. Therefore, Howard's objection that he is entitled to summary judgment on his excessive force claims is without merit and must be overruled. See Fed. R. Civ. P. 56 (authorizing summary judgment only where moving party demonstrates that "there is no genuine dispute as to any material fact" such that party "is entitled to judgment as a matter of law").

Howard's objection regarding Defendant Tate is also without merit. Howard's objection asserts that Tate placed him in a strip cell without water with intent to cause him pain when he could not wash off the OC pepper spray for almost eight hours. Howard asserts that because he

3

could not decontaminate himself from the spray in his cell during that eight hour period, he suffered an asthma attack six days later.

The report's recommendation that Tate is entitled to summary judgment rests on the uncontested video evidence presented at the hearing, demonstrating that Howard refused decontamination. Based on the video, the report recommends a finding that no material facts remain in dispute on which Howard could prove that Defendant Tate's actions deprived him of the opportunity to be decontaminated.

The court has reviewed this video recording, de novo. The video, dated November 7, 2011, begins just after Messer has pepper sprayed Howard. It shows Howard verbally berating staff for several minutes, with no indication that Howard is having any trouble breathing or that he is suffering any pain or discomfort from the spray. It shows Howard refusing, initially, to back up to the tray slot to be restrained for removal from his cell, still with no indication that he is suffering ill effects from the spray. When Howard finally allows himself to be restrained, the video shows officers escorting him to the shower. With the camera full on Howard's face, an officer asks him if he wants to be decontaminated from the OC pepper spray, and Howard answers no. He expressly states on video that he "does not need to be placed in the shower for decontamination."

The court agrees with Judge Sargent's recommended finding that the video evidence refutes Howard's claim that Defendant Tate knew he would cause Howard harm from the pepper spray by placing him on strip cell status without the ability to wash himself for several hours. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (finding that to prove Eighth Amendment claim regarding prison conditions, plaintiff must show official was aware of facts from which he could reasonably infer existence of substantial risk of harm, made that inference, and failed to

4

respond reasonably to that risk); Scott v. Harris, 550 U.S. 372, 380 (2007) ("Where, as here, the record contains an unchallenged videotape capturing the events in question, the court must credit the plaintiff's version of the facts only to the extent it is not contradicted by the videotape."); Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008) (same). Thus, the court overrules Howard's objection to the report's recommendation that Tate's motion for summary judgment be granted.

Howard has made no objection to the report's other findings, conclusions, and recommendations. The court will adopt the magistrate judge's report and recommendation in its entirety as consistent with the record and applicable law.

### Conclusion

For the stated reasons, the court overrules plaintiff's objections, adopts the magistrate judge's report, denies plaintiff's motions for summary judgment, grants Warden Mathena's motion for summary judgment, grants the other defendants' motion for summary judgment as to plaintiff's claim against Defendant Tate, but denies this motion as to the claim that Defendants Messer, Fields, and Whisenhunt used excessive force on November 7, 2011. The court will set this matter for a jury trial. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

ENTER: This 20th day of September, 2013.

_____
Chief United States District Judge