CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2014

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ABDUL HAMZA WALI MUHAMMAD (a.k.a. Robert Pharoah Howard), | ) ) CASE NO. 7:12CV00079 |
| Plaintiff, | ) ) |
| v. | ) MEMORANDUM OPINION ) ) |
| LORI BETH PHIPPS-MESSER, et al., | ) By: Glen E. Conrad ) Chief United States District Judge |
| Defendants. | ) |

Pro se plaintiff, Abdul Hamza Wali Muhammad ("Muhammad"), a.k.a. Robert Pharoah Howard, moves for "an injunction (prospect[ive] relief)" in this closed case, based on alleged verbal threats and derogatory comments by prison officials after the jury trial conducted in this case on February 6-7, 2014. The jury found for the defendants. After Muhammad returned to Red Onion State Prison, supervisory sergeants Hall and Messer (the husband of a defendant in this case) allegedly threatened to beat up Muhammad if he files an appeal in this case.[1] Muhammad asks the court for an immediate injunction directing that sergeants Hall and Messer have no contact with Muhammad.

The court construes Muhammad's submission as a motion for interlocutory injunctive relief, which must be denied in this case, as it concerns alleged conduct by officials who are not parties to this closed case. However, the court also construes Muhammad's submission as a new and separate civil action and will direct the clerk to docket it as such. While a prison officer's verbal threats ordinarily do not rise to constitutional proportions so as to be actionable under 42

---

[1] Specifically, Muhammad alleges that these supervisory officers said if Muhammad pursues an appeal, as he intends to do, he is "going to receive the same treatment that [another] offender did on 12/14/13." (ECF No. 212, p. 3.) Muhammad alleges that an offender was assaulted and sexually sodomized by prison officials on December 14, 2013, and suffered a broken eye socket and four smashed teeth, among other injuries.

U.S.C. § 1983, officials may not threaten an inmate with physical harm for exercising his constitutional right to access the courts. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978) ("A threat of physical harm to a prisoner if he persists in his pursuit of judicial relief is as impermissible as a more direct means of restricting the right of access to the courts.").

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). Muhammad does not allege that the potential harm he seeks to prevent through an interlocutory injunction arises directly from the past wrongs he has claimed against the defendants in this case. Rather, he alleges a new claim -- that unnamed officials intend to retaliate against him for exercising his right to access the court. Therefore, while his motion for interlocutory relief must be denied in this case, the court will direct the clerk to file the motion as a new and separate civil action. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of February, 2014.

/s/ Glen Conrad
Chief United States District Judge